**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS / ST. JOHN**

| | |
|---|---|
| IN RE: TRAMCON, INC., | ) |
| | ) CASE NO.: 3:12-bk-330011 MFW |
| Debtor. | ) |
| | ) Chapter 11 |
| _____ | ) |
| TRAMCON, INC.,            . | )**REMOVED FROM THE SUPERIOR** |
| | )**COURT OF THE VIRGIN ISLANDS** |
| Plaintiff, | ) **DOCKET NO.: ST 2012-CV-272** |
| | ) |
| vs. | )ADV. PRO. NO.: 3:12-_____ MFW |
| | ) |
| TRAMWAY PROPERTIES, INC., and | )ACTION FOR CIVIL RICO, BREACH |
| JOHN DOES 1-100, | )OF CONTRACTS, DEBT, BREACH OF |
| | )FIDUCIARY DUTY, AND |
| | )MISREPRESENTATION |
| Defendants. | ) |
| | ) |
| _____ | ) |

**NOTICE OF REMOVAL OF ACTION**

COMES NOW the Defendant, TRAMWAY PROPERTIES, INC., by and through its undersigned counsel, and provides notice, pursuant to *28 U.S.C. Sec. 1452(a), 1446(a)* and *FRBP 9027(a)(1)*, that it hereby removes this civil action from the Superior Court of the Virgin Islands, Division of St. Thomas & St. John ("Superior Court action"), to the District Court of the Virgin Islands, Bankruptcy Division, Division of St. Thomas & St. John.  Attached hereto as Exhibit A is a copy of the Complaint, which is the only pleading that has been served on said Defendant in the Superior Court action to date.

As grounds for removal, this Defendant states as follows:

**TRAMCON, INC. v. TRAMWAY PROPERTIES, INC., et al.**
*Notice of Removal*
Page 2

      1.     This Court has original jurisdiction over the Superior Court action pursuant to *28 U.S.C. Sec. 1334*, inasmuch as the matters stated in the Complaint are related to a pending bankruptcy case.  Further, this Court has original jurisdiction over the Superior Court action pursuant to *28 U.S.C. Sec. 1441(c)(1)* since Count I of the Complaint alleges a claim arising under the laws of the United States, to wit: a civil RICO claim pursuant to *18 U.S.C. Sec. 1964(c)*.  As such, this matter is subject to removal pursuant to *28 U.S.C. Sec. 1452*.

      2.     On July 24, 2012, the Plaintiff, TRAMCON, INC. ("Tramcon"), filed a *Voluntary Petition for Bankruptcy* pursuant to *Title 11, U.S.C., Chapter 11,* docketed in the Bankruptcy Division of this District as case no. 3:12-BK-30011-MFW ("bankruptcy case").  In the bankruptcy case, Tramcon seeks the reorganization of its business which is conducted on premises owned by the Defendant and leased to Tramcon pursuant to, *inter alia,* a certain 1997 Lease.  Further, Tramcon and this Defendant have been parties to a 1993 Joint Venture Agreement ("JVA") whereby they sought and obtained valuable economic benefits and tax incentives from the Virgin Islands Economic Development Commission, which are critical to any reorganization of the Debtor's business ("EDC benefits").

      3.     In the bankruptcy action, Tramcon has listed the Defendant / landlord, and the EDC, as a creditors as to whom bankruptcy relief is sought.  This Defendant will in due course be filing its creditor's claims against the Debtor for, among other things, breaches of the 1997 Lease and JVA.

      4.     In the Superior Court action, Tramcon alleges that the 1997 Lease "was negotiated in bad faith and based on misrepresentations." *Complaint, para. 64.*  Similarly, Tramcon alleges that the JVA was the product of "mistake and misrepresentations by

**TRAMCON, INC. v. TRAMWAY PROPERTIES, INC., et al.**
*Notice of Removal*
Page 3

[Defendant] that unfairly shift[ed] venture obligations to Tramcon." *Id., para. 4.* Since Plaintiff's request for bankruptcy relief as to the 1997 Lease and EDC benefits fall within the exclusive, original jurisdiction of this Court pursuant to *28 U.S.C. Sec. 1334,* the Superior Court action which will require interpretation of those issues should be removed to this Court pursuant to *28 U.S.C. Sec. 1452(a),* and heard as an adversary proceeding pursuant to *FRBP 9027(g).*

5.   This is a core proceeding pursuant to *28 U.S.C. Sec. 157(b)(2),* since the issues encompassed in the removed Superior Court action will determine the Debtor's ability (if any) to assume or utilize the 1997 Lease and JVA. Similarly, the construction of the 1997 Lease and JVA will affect the allowance or disallowance of this Defendant's claims against the Debtor's estate.

Dated:  August 7, 2012                           Respectfully submitted,

                                                 */s/ Charles S. Russell, Jr.*
                                                 Treston E. Moore, Esq. (VI Bar No. 10)
                                                 Charles S. Russell, Jr., Esq. (V.I. Bar No. 742)
                                                 MOORE DODSON & RUSSELL, P.C.
                                                 P.O. Box 310
                                                 St. Thomas, VI  00804
                                                 Tel:  (340) 777 5490
                                                 Fax:  (340) 777-5498
                                                 Email:  tresmoore@aol.com; steve@mdrvi.com

**TRAMCON, INC. v. TRAMWAY PROPERTIES, INC., et al.**
*Notice of Removal*
Page 4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies pursuant to ***L.R.Ci. 5.4(i)*** that on August 7, 2012 a true and correct copy of the foregoing was served on the following counsel of record, all of whom are Filing Users, via the District Court CM/ECF system:

| | |
|---|---|
| Scot F. McChain, Esq. | Benjamin A. Currence, Esq. |
| ILP+McCHAIN NISSMAN MILLER LAW GROUP, LLC | LAW OFFICES OF BENJAMIN CURRENCE |
| 53A Company Street | 5045 Norre Gade |
| Christiansted, St. Croix, VI  00820 | St. Thomas, VI  00802 |
| scot@mccainnissman.com | bencurrence@gmail.com |

      */s/ Charles S. Russell, Jr.*