IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

## NOTICE OF FILING DOCUMENTS IN THE OTHER DIVISION

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TRAMCON, INC., <br><br> PLAINTIFF <br><br> v. <br><br> TRAMWAY PROPERTIES, INC., <br> JOHN DOES 1-100 <br><br> DEFENDANTS. | CIV. St-12-CV-272 <br> ACTION FOR BREACH OF AGENCY AGREEMENT, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT AND DEBT <br><br> JURY TRIAL DEMANDED |

Description of Document(s):   Complaint, Civil Case Cover Sheet, and Case Information and Litigant Data Forms

No. of Pages 13

Certification of mailing or delivery to each of the following:

Name of Attorney            Type of Service            Date Delivered/Mailed

Dated: 7/13/12

_____
Scot F. McChain

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

| | |
|---|---|
| TRAMCON, INC., <br><br> PLAINTIFF <br><br> v. <br><br> TRAMWAY PROPERTIES, INC., <br> JOHN DOES 1-100 <br><br> DEFENDANTS. | CIV. St-12 CV-_____ <br><br> ACTION FOR BREACH OF AGENCY AGREEMENT, BREACH OF FIDCUCIARY DUTY, BREACH OF CONTRACT AND DEBT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Tramcon, Inc., through its counsel ILP + McChain Miller Nissman, for its Complaint against Defendant Tramway Properties, Inc. alleges as follows:

### I. INTRODUCTION

1. Since 1993, Tramcon, Inc. and Tramway Properties have operated the Paradise Point tramway and entertainment center under a joint venture entitled the "St. Thomas Tramway." The joint venture gets economic development incentives (EDC benefits) to maintain the property as a tourist attraction from the Economic Development Authority.

2. Tramcon, Inc. operates the tramway and the Paradise Point entertainment center under a lease agreement entered in 1997 with Tramway Properties. Tramway owns the land and buildings on which the business operates and receives rents form Tramcon as landlord.

3. Tramcon for its cause of action against Tramway alleges that the Tramway Properties refuses to pay its share of obligations negotiated under the St. Thomas Tramways joint venture EDC certificate

4. Tramcon also alleges that the various agreements entered into by the parties over the years are products of mistake and misrepresentations by Tramways that unfairly shifting venture obligations to Tramcon.

*Tramcon Inc. v. Tramway Properties et al.*
Complaint
Page 2

5. Tramways is liable for breach of contract and for debt in refusing to pay its share of EDC obligations, and in unfairly shifting costs under the parties 1997 lease from Tramways to Tramcon

## II. PARTIES

6. Tramcon, Inc. is a Virgin Islands corporation doing business in the Virgin Islands.

7. Tramway Properties, Inc. is a Virgin Islands corporation doing business in the Virgin Islands.

## III. JURISDICTION

8. This Honorable Court has original jurisdiction pursuant to Title 4 Virgin Islands Code Section 76.

## IV. FACTS

9. The parties created a joint venture in 1993 in which they agreed to split profits and losses and economic development (EDC) benefits.

10. The recitals indicate a clear desire for the venturers to conduct a business operation jointly.

11. The joint venture was created to allow both venturers to get EDC benefits. The venture is unusual in that Tramway acts solely as a landlord for which no EDC benefits are normally allowable, and Tramcon operates the tourist recreational business for which EDC benefits are available. By combining into a joint venture, Tramway as landlord receives EDC benefits that would normally only be available to Tramcon as the tourist business operator.

12. In 1997, the lease was expanded to include a lease by Tramcon of the Paradise Point Property and operation of it as part of the overall tourist business. Tramways remained a landlord under this new lease.

13. The joint venturers have never actually operated as a jointly run venture. Rather it has run as two completely separate businesses, landlord and tourism tenant, since inception in all matters except the application for and receipt of EDC benefits.

14. No accounting or sharing of the profits and losses of the joint venture has been done by Tramway in the nineteen year existence of the partnership. Tramway keeps its profits and

*Tramcon Inc. v. Tramway Properties et al.*
Complaint
Page 3

EDC benefits as a landlord in spite of the plain language of the agreement to share in these profits.

15. While it was always the intent of the parties to divide any EDC benefits in accordance with their respective portions of the operations, the division was done by Tramway without approval by Tramcon in violation of Article X-D of the joint venture agreement governing management which requires majority approval.

16. This violation resulted in Tramway receiving excessive EDC benefits.

17. Rather than giving its undivided time and attention to the business of the joint venture, and using its endeavors to promote the joint venture, Tramway has endeavored to undermine the operations of Tramcon, put it in default and take over its lease in violation of Article VIII of the agreement.

18. Tramway has undermined the operations of its joint venturer Tramcon using an undisclosed agent David Bornn, a Virgin Islands attorney.

19. Tramway retained David Bornn as legal counsel even though he was an officer of Tramcon according to the 1993 joint venture agreement.

20. Based on information and belief, Mr. Bornn has acted as counsel for Tramway, Tramcon and St. Thomas Tramway for nineteen years without a conflict waiver and without disclosure of the conflict.

21. The 1993 joint venture agreement reveals that David Bornn was its Assistant Secretary.

22. The 2010 EDC certificate reveals that David Bornn signed as legal counsel on behalf of all three entities.

23. Based on information and belief many key agreements between the parties were executed by Tramcon based on review and approval by Attorney Bornn when he was undisclosed counsel for Tramway Properties and not Tramcon. These include the joint venture agreement, the 1993 lease and the 1997 lease.

24. As a result of the undisclosed representation, Tramway deceived Tramcon into signing numerous documents to its detriment in reliance on advice from Tramway's undisclosed agent and legal counsel David Bornn.

*Tramcon Inc. v. Tramway Properties et al.*
Complaint
Page 4

25. The 1997 lease shifts the costs of the operation of the tourist enterprise to Tramcon under a triple net lease (maintenance, insurance and real property taxes paid by tenant) to Tramcon with Tramway receiving rent and having no expenses associated with the operation of the business.

26. The parties EDC certificate requires it to invest 2.6 million in the business over the course of the benefit period as well as hire 28 employees. To the extent these exceed investments and hirings exceed normal capital investment and hiring in the operation of the tourist business by Tramcon they are a shared cost of the joint venture and should be split between Tramway and Tramcon equally

27. Despite this, Tramway has insisted that the 28 employee requirement and 2.6 million investment are solely expenses of Tramcon in contravention of the joint venture agreement.

28. Likewise, Tramway insists that all EDC compliance expenses are to be incurred by Tramcon rather than shared as joint venturers.

29. Tramway's heavy handed actions in using an undisclosed agent to shift burdens and costs to Tramcon violates their legal duties under the joint venture agreement, leases and EDC certificate, and justice demands that these wrongs be righted.

### COUNT I-
(Racketeering Influenced & Corrupt Practices Act and Criminally Influenced Company Act)

30. Paragraphs 1 through 28 are incorporated by reference.

31. These claims for relief are brought by the Plaintiffs in connection with a scheme devised by Defendants to fraudulently transfer the assets of the Plaintiffs to Defendants.

32. The Plaintiffs are "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

33. Defendants are "persons" within the meaning of 18 U.S.C.A. §§ 1961(3) and 1962(c) and (d).

34. Defendant Corporations and persons, and the association-in-fact described in this complaint are "enterprises" within the meaning of 18 U.S.C.A. §§ 1961(4) and 1962(c) and (d).

35. With respect to the conspiracy and the illegal and fraudulent transfer of assets, Defendants were each associated with entities known and unknown to Plaintiffs including the named

*Tramcon Inc. v. Tramway Properties et al.*
Complaint
Page 5

entities in the caption of this complaint, all enterprises engaged in, and the activities of which affected, interstate and foreign commerce within the meaning of 18 U.S.C.A. § 1962(c) and (d).

36. Defendants and persons unknown to Plaintiffs, associated with an enterprise engaged in activities that affect interstate and foreign commerce. They do so to participate, directly and indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. These participants included a core group named above, along with others recruited from time to time. This group was loosely and informally organized and used various structures to commit their pattern of racketeering acts. These structures, named in the caption of this complaint were part of the enterprise but the enterprise also consisted of this loose association that changed and metamorphosed as needed, during the relevant periods of this criminal conduct, to commit their goal of divesting the assets of Tramcon, and converting those assets to their own uses with the ultimate goal of forcing Tramcon into a breach of its lease agreement so that Tramways could take over the entire operation of the tourist enterprise.

37. The formal enterprises named in the complaint were formed for the purpose of accomplishing the racketeering objectives. In addition, and overlaying the juridical enterprises, was an association-in-fact enterprise. This was a loose association that was an informal and ongoing organization of individuals who came together to carry out its objectives.

38. The association members functioned as a continuing unit to achieve a common purpose. The association-in-fact's existence is demonstrated not by an abstract analysis of its structure but by what it did as demonstrated by the factual allegations in this complaint.

39. The predicate acts listed herein were interrelated and formed a pattern racketeering activity. These acts were interrelated in that there was a similar purpose, a similar result, a similar modus operandi and involved identical participants, defendants and victims.

40. Defendants managed and operated the racketeering enterprise. At all relevant times, there was in full force and effect in the United States of America, a certain statute, namely, the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §§ 1961 et seq. which provides a civil RICO cause of action at 18 U.S.C.A. § 1964(c).

41. The Plaintiffs, state a cause of action under the Racketeer Corrupt Influenced Organizations Act ("RICO") 18 U.S.C. §§ 1961 et seq. which provides a civil RICO cause of action at 18 U.S.C. § 1964. The alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a) providing that – "It shall be unlawful for any person who has received any income

*Tramont Inc. v. Tramway Properties et al.*
Complaint
Page 6

derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal….to use or invest, directly or indirectly, any part of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." The Defendants" conduct violates 18 U.S.C. § 1962(b) as it "is unlawful for any person through a pattern of racketeering activity or through collection of an unlawful

debt to acquire or maintain, directly or indirectly any interest in or control of any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce".

42. The Defendants" conduct is also in violation of 18 U.S.C. § 1962(c) which makes it unlawful for any person "employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate directly or indirectly, in the conduct of such enterprises" affairs through a pattern of racketeering activity or collection of unlawful debt." The Plaintiff also alleges unlawful conduct in violation of 18 U.S.C. § 1962(d) which provides that – "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

43. At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the mail and wire fraud statutes, 18 U.S.C.A. §§ 1341, 1343 and 1346.

44. At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the money laundering statutes, 18 U.S.C.A. §§ 1956-1957.

45. At all relevant times, there was in full force and effect in the United States of America a certain statute commonly referred to as the illegal transportation of stolen property statute, 18 U.S.C.A. § 2314. Property has a broad definition and includes assets, goods and securities.

46. At all relevant times, there was in full force and effect in the United States Virgin Islands a certain statute commonly referred to as the Virgin Islands CICO statute, 14 Virgin Islands Code §§ 605 et seq.

47. At all relevant times, there was in full force and effect in the United States Virgin Islands a certain statute commonly referred to as the Obtaining Money by False Pretense statute, 14 Virgin Islands Code §834.

*Tramcon Inc. v. Tramway Properties et al.*
Complaint
Page 7

48. At all relevant times, there was in full force and effect in the United States Virgin Islands a certain statute commonly referred to as the Criminal Conspiracy statute, 14 Virgin Islands Code §551.

Continuity and Relatedness: Standing

49. With respect to the conspiracy, illegal and fraudulent transfer of assets, Defendants conspired to, within the meaning of 18 U.S.C.A. § 1962(d) and did conduct or participate, directly and indirectly, in the conduct of the entity defendants" (named in the caption of the complaint) affairs in a fashion prohibited by 18 U.S.C. §1962(c) through a pattern of activity defined by 18 U.S.C. § 1961(1)(B) and (5), to wit:

a. Multiple instances of mail fraud and wire fraud in violation of 18 U.S.C.A. §§ 1341 and 1343.
b. Multiple instances of illegal transportation of stolen property in violation of 18 U.S.C.A. § 2314. Property has a broad definition and includes assets, goods and securities.
c. Multiple instances of money laundering in violation of 18 U.S.C.A. §§ 1956 and 1957.
d. The Plaintiffs were directly and distinctly injured by Defendants, by reason of a violation of 18 U.S.C.A. §1962(c) and (d) committed by the Defendants.
e. Beginning in 1993, and continuing through the present time, Defendants knowingly, willfully and intentionally devised and perpetrated, two or more predicate acts which were part of a common fraudulent scheme involving multiple acts of mail fraud, wire fraud, and money laundering, the common thread running through each being the purposeful and continuing illegal conversion of Plaintiffs" assets and the efforts to mask and hide this illegal conversion. The Plaintiffs have standing to assert this claim, which is stated pursuant to §1962(c) and (d).

Predicate Acts: Pattern of Racketeering

50. The predicate acts perpetrated by the Defendants include mail fraud, wire fraud, illegal transportation of stolen property and money laundering occurring between 1993 and continuing through the present. The scheme to defraud the Plaintiffs for which there was use of email and facsimile transactions involved the intentional appropriation of the Plaintiffs" assets to Defendants through schemes involving affirmative misrepresentations, non-disclosure of material facts, assertion of half-truths, fraudulent transfers, conflicts of interest and concealment of transfers.

*Tramont Inc. v. Tramway Properties et al.*
Complaint
Page 8

51. The RICO Defendants, acting through various entities, some of which were created for the specific purpose of defrauding investors, commenced their scheme to fraudulently transfer the assets of the Plaintiffs in 2005. This scheme to defraud continues through the present. The specific predicate acts and overt acts in the conspiracy to commit RICO are alleged throughout the preceding paragraphs of this complaint.

52. The Plaintiff suffered direct injury to their assets, property, and estate plan as a consequence of these acts and the scheme to defraud. This injury was a result of the direct action of the Defendants and the Defendants" actions were the legal and proximate cause of the Plaintiffs" injuries.

53. By reason of 18 U.S.C.A. §1964(c), Plaintiffs damages are to be trebled, bringing the total to an amount exceeding $90 million to date.

## Count II-Breach of Fiduciary Duty

54. Plaintiff repeats and realleges paragraphs 1-53 above.
55. Defendant's actions violated their fiduciary duty to deal with their joint venture partner fairly under Tile 26 V.I.C. §76.

## COUNT III-Breach of Duty to Avoid Conflict with Joint Venturer

56. Plaintiff repeats and realleges paragraphs 1-55 above.
57. Defendant's actions violated their duty as an agent of the joint venture not to act contrary to the venture's best interests.
58. Defendant's actions also violates this rule of law as enunciated under Restatement (Second) of Agency §389.

## COUNT IV-Breach of Contract

59. Plaintiff repeats and realleges paragraphs 1-58 above.
60. Defendant's actions breached the party's joint venture agreement in that joint profits and losses were not split, management was not based on majority vote, and accountings were not undertaken.

*Tramcon Inc. v. Tramway Properties et al.*
Complaint
Page 9

### COUNT V-Action for Debt

61. Plaintiff repeats and realleges paragraphs 1-60 above.
62. Defendants owe Plaintiff for amounts paid on behalf of the joint venture that should have been split between the parties and for any unshared joint venture profits.

### COUNT VI-Breach of Lease Contract

63. Plaintiff repeats and realleges paragraphs 1-62 above.
64. Defendant's actions have resulted in a breach of the 1997 lease agreement in that it was negotiated in bad faith and based on misrepresentations, and the resulting contract is grossly unfair.

### COUNT VII-Mistake, Misrepresentation and Undue Influence

65. Plaintiff repeats and realleges paragraphs 1-64 above.
66. Defendant's actions in using undisclosed agents of Tramway to act as agents of Tramcon were intentional acts of Defendant designed to mislead Tramcon into believing its best interests were taken into account by the agent. As a result of the misrepresentations, and in reliance upon them, plaintiff entered agreements to their detriment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and against Defendant, jointly as follows:

1. Award Plaintiff money damages.
2. Require Defendants to provide access to joint venture books and accounting records pursuant to Title 26 V.I.C. §72 and §75.
3. Award Plaintiffs a reasonable attorney's fees and costs for the prosecution of this case.
4. Refer the matter to arbitration under the joint venture agreement.
5. Awarding Plaintiffs such other, further, and different relief as the Court may deem just and equitable.

Trannom Inc. v. Trannery Properties et al.
Complaint
Page 10

Respectfully Submitted,

ILP + McCHAIN MILLER NISSMAN LAW GROUP, LLC

Attorneys for Plaintiff

Scot F. McChain
53A Company St.
Christiansted, USVI 00820
Tel: (340) 719-0601
Fax: (340) 719-0602